# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER M. WILSON, | 1:12-cv-01575-MJS HC |
| Petitioner, | ORDER TO SHOW CAUSE REGARDING WHETHER PETITION SHOULD BE CONSIDERED SUCCESSIVE UNDER 28 U.S.C. § 2254(b)(4) |
| v. | |
| M.E. SPEARMAN, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed an application for leave to file a second or successive petition with the Ninth Circuit Court of Appeals on February 24, 2012. The application was granted on September 5, 2012. (See ECF No. 5.) On September 24, 2012, Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his Kern County Superior Court conviction for vehicle theft, receiving stolen property, and obstruction of a police officer. (Pet. at 17.) Under the California Three Strikes Law, Petitioner was sentenced to twenty-six (26) years to life on January 21, 2003. (Pet at 1.)

-1-

Petitioner previously filed a Petition for Writ of Habeas Corpus in this Court challenging the same Kern County Superior Court conviction in case number 1:07-cv-00436 MLH CAB. That Petition was denied on the merits on June 17, 2009. (See Order in case no. 1:07-cv-00436 MLH CAB Wilson v. Sisto, ECF No. 20.)

A petitioner proceeding with a second or successive petition where the Ninth Circuit has granted leave to file a successive petition must satisfy the requirements of 28 U.S.C. section 2244 or the district court shall dismiss any claim presented. See 28 U.S.C. §2244 (b)(4) "A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." Id. Under Section 2244 (b)(2):

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
> (A) the application shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

In the instant petition, Petitioner presents claims that his sentencing was unjust and also presents allegedly newly discovered evidence that his counsel was ineffective in presenting mitigating circumstances at sentencing. (See generally,Pet.) Because Petitioner is asserting that his claims rest on newly discovered evidence, Petitioner must satisfy the requirements of section 2244 (b)(2)(B)(i) and (ii).[1] Although the Ninth Circuit has granted Petitioner leave to file a second or successive petition, Petitioner has not addressed the issue of whether the new Petition meets the threshold requirements of §2244(b)(2)(B). Specifically,

---

[1] Petitioner has not raised ay argument that a new rule of constitutional law affects his conviction.

-2-

1  Petitioner must make a sufficient showing of new evidence, that he was diligent in its
2  discovery, or that the evidence was sufficient to show that he would not have been found guilty
3  of the underlying offense.
4      Respondent has not had an opportunity to address this threshold issue.
5      In light of the foregoing, both parties are ORDERED TO SHOW CAUSE whether the
6  claims contained within the current Petition meet the requirements of 28 U.S.C. §
7  2244(b)(2)(B) necessary for bringing a second or successive petition. Respondent is to file a
8  brief regarding this narrow issue within 30 days of the date of service of this order. Petitioner
9  is to file a reply brief no later than 30 days after the date of service of Respondent's briefing.
10 Neither party's brief shall exceed 10 pages.
11     Petitioner shall be appointed counsel by way of a separate order.

14 IT IS SO ORDERED.
15 Dated:   October 16, 2012          /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE

-3-