1

2

3

4

5

6

7

8

9 UNITED STATES DISTRICT COURT

10 EASTERN DISTRICT OF CALIFORNIA

11

CHRISTOPHER M. WILSON,                    )   1:12-cv-01575-MJS HC
12                                        )
                        Petitioner,       )   ORDER DISMISSING PETITION FOR WRIT
13                                        )   OF HABEAS CORPUS AS SUCCESSIVE
                                          )   UNDER 28 U.S.C. § 2244(b)
14          v.                            )
                                          )
15                                        )
M.E. SPEARMAN,                            )
16                                        )
                        Respondent.       )
17 _____)

18

19          Petitioner, a state prisoner, proceeds with a petition for writ of habeas corpus filed

20 pursuant to 28 U.S.C. § 2254. Both parties consented to Magistrate Judge jurisdiction under

21 28 U.S.C. § 636(c). (ECF Nos. 19, 24.)

          On October 17, 2012, Respondent was ordered to respond to an order to show cause
22
why his petition should not be dismissed as successive. On December 14, 2012, Respondent
23
filed a response. (ECF No. 18.) Petitioner filed his response on February 27, 2013, and
24
Respondent filed a reply on March 4, 2013. (ECF Nos. 22-23.) After careful consideration of
25
the record and the applicable law, the Court finds that the petition must be dismissed as
26
successive.
27

28                                        -1-

1    **I.    BACKGROUND**

2        On December 5, 2003, a jury convicted Petitioner of unlawfully taking or driving a

3    vehicle, receiving stolen property, and obstructing a peace officer. Petitioner was sentenced

4    on January 21, 2004, to a indeterminate term of 26 years to life for the offenses of conviction

5    and accompanying sentence enhancements. See Wilson v. Sisto, 2009 U.S. Dist. LEXIS

6    57126, 1, 2009 WL 1707975 (E.D. Cal. June 17, 2009). Petitioner filed direct and collateral

7    challenges to his conviction in state court; all of which were denied. Id.

8        Petitioner has also filed two previous federal habeas actions in this court challenging

9    the same judgment of conviction at issue here. His first federal petition for writ of habeas

10   corpus was filed on March, 20, 2007 and dismissed with prejudice on the merits on June 17,

11   2009. See Wilson v. Sisto, Case No. 1:07-cv-00436-H-CAB (HC). The United States Court of

12   Appeals for the Ninth Circuit declined to issue a certificate of appealability with regard to that

13   judgment. Petitioner's second federal habeas petition was filed on December 19, 2011 and

14   dismissed on April 19, 2012, without prejudice to the filing of a second or successive petition

15   with the required authorization from the Ninth Circuit. See Wilson v. Gonzales, Case No. 1:11-

16   cv-02088-LJO JLT.

17       Petitioner subsequently sought authorization to file a second or successive petition from

18   the Ninth Circuit Court of Appeals.  That request was granted on September 5, 2012. (ECF

19   No. 5.) Petitioner filed his petition for federal habeas relief in the pending action on September

20   24, 2012. (ECF No. 1.) Therein, he again challenges his 2003 judgment of conviction (Id.)

21   **II.    DISCUSSION**

22       **A.    Standard of Review**

23       The petition for writ of habeas corpus pending before this court is governed by the

24   provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The

25   AEDPA "greatly restricts the power of federal courts to award relief to state prisoners who file

26   second or successive habeas corpus applications." Tyler v. Cain, 533 U.S. 656, 661, 121 S.

27   Ct. 2478, 150 L. Ed. 2d 632 (2001). The AEDPA provides, in relevant part:

28

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless -

    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

[....]

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

[....]

(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

28 U.S.C. § 2244. See also Pizzuto v. Blades, 673 F.3d 1003, 1007 (9th Cir. 2012) ("In other words, Pizzuto must "make a prima facie showing to us that his claim (1) is based on newly discovered evidence and (2) establishes that he is actually innocent of the crimes alleged.") (quoting King v. Trujillo, 638 F.3d 726, 729-30 (9th Cir. 2011)).

    As set forth in the applicable statute, the fact that Petitioner was granted authorization by the Ninth Circuit to file a successive petition does not preclude a finding by this court that the petition is successive and the claims therein are barred. This is because § 2244 provides for a more scrutinizing review of a potentially successive or second petition by the district court after the appellate court has granted authorization. See Cooper v. Woodford, 358 F.3d 1117,

1119 (9th Cir. 2004) (en banc) ("By 'prima facie showing' we understand simply a sufficient showing of possible merit to warrant a fuller exploration by the district court.") (quoting Woratzeck v. Stewart, 118 F.3d 648, 650 (9th Cir. 1997)). See also Bible v. Schriro, 651 F.3d 1060, 1064, n.1 (9th Cir. 2011). Indeed, a district court must dismiss any claim that fails to actually satisfy the requirements of § 2244(b)(1) or (2), regardless of any authorization granted by the appellate court. See 28 U.S.C. § 2244(b)(4) ("A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."); see also Tyler, 533 U.S. at 661 n.3 (the court of appeals may authorize the filing of a second or successive petition upon a prima facie showing, '[b]ut to survive dismissal in the district court, the applicant must actually 'sho[w]' that the claim satisfies the standard."); United States v. Villa-Gonzalez, 208 F.3d 1160, 1164-65 (9th Cir. 2000) (holding that a district court must independently "conduct a thorough review of all allegations and evidence presented by the prisoner" to determine whether the statutory requirements for a second or successive filing are met). Accordingly, now that the Ninth Circuit has authorized him to proceed, Petitioner "must make more than another prima facie showing." Villa-Gonzalez, 208 F.3d at 1165. For the reasons set forth below, the Court concludes that Petitioner has failed to make the required showing.

**B.   Petitioner Has Failed to Produce Clear and Convincing Evidence of His Innocence**

As noted, in the circumstances present here, Petitioner must make a prima facie showing that his claim (1) is based on newly discovered evidence and (2) establishes that he is actually innocent of the crimes alleged. Pizzuto v. Blades, 673 F.3d 1003, 1007 (9th Cir. 2012) quoting King v. Trujillo, 638 F.3d 726, 729-30 (9th Cir. 2011).

Petitioner has presented no evidence, let alone clear and convincing evidence, of his innocence. (See Reply at 5, ECF No. 22.) While sympathetic to Petitioner's circumstances, namely his lack of education, ignorance of the law, and his efforts to diligently present this

1   petition, this Court is bound to apply federal law.

2       As Petitioner has not alleged his innocence, the record before this Court conclusively

3   demonstrates that the pending petition fails to meet the requirements for the filing of a

4   successive petition under 28 U.S.C. § 2244(b)(2). The Court need not address the other

5   requirements for presenting a second or successive petition.

6   **III.   CONCLUSION**

7       Accordingly, the Court HEREBY ORDERS that the petition for writ of habeas corpus

8   be DISMISSED for failure to meet the requirements for the filing of a successive petition under

9   28 U.S.C. § 2244(b)(2).

10  **IV.   CERTIFICATE OF APPEALABILITY**

11      A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal

12  a district court's denial of his petition, and an appeal is only allowed in certain circumstances.

13  Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  The controlling statute in determining

14  whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

15          (a) In a habeas corpus proceeding or a proceeding under
    section 2255 before a district judge, the final order shall be subject
16          to review, on appeal, by the court of appeals for the circuit in
    which the proceeding is held.
17
            (b) There shall be no right of appeal from a final order in a
18  proceeding to test the validity of a warrant to remove to another
    district or place for commitment or trial a person charged with a
19  criminal offense against the United States, or to test the validity of
    such person's detention pending removal proceedings.
20
            (c)(1) Unless a circuit justice or judge issues a certificate of
21  appealability, an appeal may not be taken to the court of
    appeals from–
22
                (A) the final order in a habeas corpus proceeding in
23              which the detention complained of arises out of
                process issued by a State court; or
24
                (B) the final order in a proceeding under section
25  2255.

26          (2) A certificate of appealability may issue under paragraph
    (1) only if the applicant has made a substantial showing of the
27  denial of a constitutional right.

28                                  -5-

(3)  The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

## V.    ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DISMISSED as successive;

2. The Clerk of Court is DIRECTED to enter judgment; and

3. The Court DECLINES to issue a certificate of appealability.


IT IS SO ORDERED.

Dated:    March 7, 2013          /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE

-6-